UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GREGORY L. CANNON,

    Plaintiff,

v.                                      Case No. 5:22-cv-137-TKW/MJF

HARRISON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff Gregory L. Cannon has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On July 6, 2022, Cannon, a federal prisoner proceeding *pro se*, initiated this action by filing a 117-page motion for a temporary restraining order or preliminary injunction. Doc. 1. On July 7, 2022, because Cannon had yet to file a complaint and pay the $402.00 filing fee or file a motion for leave to proceed *in forma pauperis*, the undersigned ordered him (1) to file a notice of voluntary dismissal or an amended complaint on the court-approved form, and (2) to pay the $402.00 fee or file a fully-completed motion for leave to proceed *in forma pauperis* on the court-approved form. Doc. 3. The undersigned imposed a deadline of August 8, 2022 to comply.

The undersigned warned Cannon that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules.

On July 25, 2022, the undersigned granted Cannon an extension of time to comply with the undersigned's order of July 7, 2022. Doc. 10. The undersigned imposed a new deadline of August 24, 2022 to comply. The undersigned again warned Cannon that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules.

On July 29, 2022, Cannon filed a motion for leave to proceed *in forma pauperis*. Doc. 11. He did not file an amended complaint. The one-page handwritten motion was not on the court-approved form, did not include a Prisoner Consent Form and Financial Certificate signed by a prison official, and did not include an inmate account statement covering the six-month period preceding the date he initiated this action. Thus, on September 7, 2022, the undersigned denied Cannon's motion without prejudice and ordered Cannon to explain and show cause why he failed to comply with this court's order of July 25, 2022. The undersigned imposed a deadline of September 28, 2022 to comply. The undersigned again warned Cannon—for a third time—that his failure to comply with the order likely would result in dismissal

of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules. As of the date of this report and recommendation, Cannon has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see* N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

A court also may dismiss an action for failure to pay the filing fee. *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to

prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On July 25, 2022, the undersigned ordered Cannon to file a notice of voluntary dismissal or an amended complaint, and to pay the $402.00 fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 10. Despite having *more than two months* to comply with the undersigned's order, Cannon has not paid the $402.00 fee or prosecuted this action in any respect. He also has not complied with the undersigned's order to show cause. For these reasons, this action should be dismissed without prejudice.

### III. Conclusion

Because Cannon has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.
2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 12th day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**